CHARMA BRYANT CASEY v. WAKE COUNTY, WAKE COUNTY HEALTH
DEPARTMENT AND DR. RICHARD KURZMANN

No. 7910SC652

(Filed 4 March 1980)

**Counties § 9— dispensing contraceptives—governmental function— sovereign immunity**

> The activities of defendant county and defendant county health department in prescribing and dispensing contraceptives through a family planning clinic without charge were governmental in nature and were therefore immune from liability under the doctrine of sovereign immunity.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 13 March 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 31 January 1980.

This is a personal injury action brought by plaintiff on 30 June 1976 against Wake County, Wake County Health Department and Dr. Richard Kurzmann. Plaintiff alleged that on 17 February 1973 when she was sixteen years of age, she went to the family planning clinic of Wake County Health Department seeking contraceptive aid and was treated and counseled at the clinic by Dr. Kurzmann, an employee of the Wake County Health Department. Dr. Kurzmann inserted in plaintiff an intrauterine device from which severe and damaging complications developed. Plaintiff alleged the complications were the result of negligent acts on the part of Dr. Kurzmann.

The defendants filed answers denying the material allegations of plaintiff's complaint. On 12 March 1979, plaintiff filed notice of dismissal of her claim against Dr. Kurzmann, pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure. The other defendants had asserted in their answer in part the defense of sovereign immunity. This defense was the basis of a motion to dismiss which was granted by the trial court. Plaintiff appeals from the order dismissing her claim against Wake County and Wake County Health Department.

*Winston, Blue, Larimer and Rooks, by J. William Blue, Jr., for plaintiff appellant.*

*Michael R. Ferrell, Arthur M. McGlauflin and Shelley T. Eason, for defendant appellees.*

VAUGHN, Judge.

The sole question on appeal is whether the activities of Wake County and Wake County Health Department in prescribing and dispensing contraceptives through a family planning clinic without charge are governmental in nature and therefore immune from liability under the doctrine of sovereign immunity. We hold that such activities are not proprietary in nature and the county and its health department can assert the doctrine of sovereign immunity as a defense to actions arising out of these activities.

The doctrine of sovereign or governmental immunity, though often criticized, has been recognized as the law of this State since the decision in *Moffitt v. Asheville*, 103 N.C. 237, 9 S.E. 695 (1889). Our Supreme Court has said that, even though the logic of the doctrine may be unsound and the reasons for its adoption not as forceful today as they once were, modification or repeal of the doctrine at least where it provides immunity from tort liability must come from the General Assembly. *Smith v. State*, 289 N.C. 303, 222 S.E. 2d 412 (1976); *Steelman v. City of New Bern*, 279 N.C. 589, 594-95, 184 S.E. 2d 239, 242-43 (1971). Thus far, the General Assembly has provided that the purchase of liability insurance waives the county's governmental immunity to the extent of insurance coverage. G.S. 153A-435(a). Such waiver was not alleged by plaintiff and has not been an issue in this case. It is, however, the judicial trend in this State not to expand but resist the application of the government immunity doctrine. *Sides v. Hospital*, 287 N.C. 14, 213 S.E. 2d 297 (1975); *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972). We adhere to and support that trend. This case presents no expansion of the doctrine. It is, instead, an application of the doctrine to a governmental function, public health care.

The distinction upon which governmental immunity is based is whether the action is governmental or proprietary in nature. In *Sides*, the Court noted that "all of the activities held to be governmental functions by this Court are those historically performed by the government, and which are not ordinarily engaged in by private corporations. " 287 N.C. at 23, 213 S.E. 2d at 303; *see also Robinson v. Nash County*, 43 N.C. App. 33, 257 S.E. 2d 679 (1979). Family health care without cost to the indigent patient is not something engaged in by private corporations. Instead, our

State Constitution mandates care for those in need as a duty of the State. N.C. Const. art. XI, § 4; *Vaughn v. County of Durham,* 34 N.C. App. 416, 240 S.E. 2d 456 (1977), *cert. den.,* 294 N.C. 188, 241 S.E. 2d 522 (1978). This duty has been delegated to each county to make public health service available to its residents. G.S. 130-13(a). Local boards of health are the policy making bodies which make "rules and regulations, not inconsistent with law, as are necessary to protect and advance the public health." G.S. 130-17(b). Wake County has merely complied with these constitutional and statutory mandates. Providing for the health and welfare of the citizens of the county is a legitimate and traditional function of county government. The services provided in a family clinic to all women, whether they can pay or not, helps to prevent unwanted pregnancies and provides proper health care to children, born and unborn, and their parents. This is a benefit to the general populous and, as such, is a governmental function. We note further that in *Sides,* the county was merely authorized to operate a county hospital if the citizens of the county approved a referendum to that effect. By contrast, here, the legislature mandated in G.S. 130-13(a) a requirement that the county operate a health department.

One test sometimes used in determining whether the doctrine of governmental immunity applies is whether a monetary charge is involved. Such a charge and particularly a showing of profit or covering of costs by the charge is not, however, essential to a proprietary classification. *See, e.g., Glenn v. Raleigh,* 246 N.C. 469, 98 S.E. 913 (1957). County health departments are funded by local property tax levies. G.S. 130-21. But certain services can be rendered for a charge not to exceed the cost of rendering the service. G.S. 130-17(e). A charge has been involved in most cases which hold a particular function to be proprietary. But providing certain services at cost should not alone make an overall operation or other free services proprietary in nature. A county health department is not run for pecuniary profit but for the common good of all. "Certainly, the preservation of public health is one of the duties devolving upon the State as a sovereign power and in the discharge of this duty the State is acting strictly in the discharge of one of the functions of government." *McCombs v. City of Asheboro,* 6 N.C. App. 234, 240, 170 S.E. 2d 169, 173-74 (1969).

A new program in a health department program such as family planning free of charge is not a traditionally private pecuniary function being encroached on by a governmental body. It is but an expansion within those duties traditionally placed with governmental functions. As long as the doctrine of governmental immunity survives, it will cover those functions it has always covered even when these governmental functions change because of technological or societal changes.

Affirmed.

Judges HEDRICK and CLARK concur.