FEDERATED MUTUAL INSURANCE COMPANY v. JERRY HARDIN AND SAM EDWARDS

No. 8316SC394

(Filed 3 April 1984)

**Negligence § 29.3— failure to show failure to get building permit proximate cause of fire**

In an action in which plaintiff alleged the negligent construction of a room addition and fireplace, although the failure of plaintiff insureds to obtain a building permit constituted negligence *per se*, there was no evidence that this violation was a proximate cause of the fire damage to their house.

APPEAL by defendant from *Martin, Judge.* Judgment entered 7 September 1982 in Superior Court, ROBESON County. Heard in the Court of Appeals 6 March 1984.

Enoch and Christine Royal, plaintiff's insureds, decided in 1978 to enlarge their house by enclosing a carport. They contacted defendant Edwards, who agreed to do the carpentry work. After construction of the room addition was begun, the Royals contacted defendant Hardin and asked him to build a fireplace. No building permit was requested or issued. The room and fireplace, which contained a "More Heat" heating system, were completed during the summer of 1978.

In October of 1978 the Royals used the fireplace for the first time without incident. Between that time and January of 1979 they used the fireplace three or four times. On 9 January 1979, a fire started in the Royals' house which damaged the new addition and the rest of the house. Total damages to both real and personal property were claimed at $34,793.40.

Plaintiff paid the Royals pursuant to an insurance policy and then filed this action against defendants in which plaintiff alleged that defendants were negligent in the construction of the room addition and fireplace. At trial, the jury returned a verdict for plaintiff in the amount of $15,615.69. From these proceedings defendant Hardin appeals.

*Rose, Rand, Ray, Winfrey and Gregory, by Joel S. Jenkins, Jr., for defendant appellant.*

*Russ, Worth, Cheatwood and McFadyen, by Donald J. Mc-Fadyen, for plaintiff appellee.*

ARNOLD, Judge.

Defendant contends for the first time on appeal that the trial court erred in denying his motions for directed verdict made at the close of plaintiff's evidence and again at the close of all the evidence in that plaintiff's insureds' failure to obtain a building permit constituted negligence per se. We consider this contention since it was litigated by consent at trial as contemplated by Rule 15(b) of the North Carolina Rules of Civil Procedure. Rule 15(b) provides that "[w]hen issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

Turning to the merits of this case, the statute relied on by defendant which requires a permit for the type of construction at issue here is G.S. 153A-357, which states:

No person may commence or proceed with:

(1) The construction, reconstruction, alteration, repair, removal, or demolition of any building; (or)

    . . . .

(4) The installation, extension, alteration, or general repair of any electrical wiring, devices, appliances, or equipment

without first securing from the inspection department with jurisdiction over the site of the work each permit required by the State Building Code and any other State or local law or local ordinance or regulation applicable to the work.

A Robeson County ordinance, which adopts the State Building Code, also requires a permit to be obtained where construction involves the addition of a room to a house, and the installation of a fireplace containing a heating system.

It is well settled that a violation of the provisions of the North Carolina State Building Code is negligence per se. *Sullivan v. Smith*, 56 N.C. App. 525, 289 S.E. 2d 870 (1982). However, to impose liability for such a violation it must be established that the violation was a proximate cause of the alleged injury. *Bell v. Page*, 271 N.C. 396, 156 S.E. 2d 711 (1967). Proximate cause has been defined as "a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the injury and *without which the injury would not have occurred*, and from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result was probable under the facts as they existed." *McNair v. Boyette*, 15 N.C. App. 69, 72, 189 S.E. 2d 590, 592, *aff'd*, 282 N.C. 230, 192 S.E. 2d 457 (1972). (Emphasis added.)

Although we agree with defendant's contention that the failure of the Royals to obtain a building permit constituted negligence per se, we find no evidence that this violation was a proximate cause of the fire damage to their house. Defendant argues that had a permit been issued the Robeson County build-

ing inspector would have been able to monitor the construction from beginning to end, thereby safeguarding the premises from the very sort of mishap that in fact occurred. There is nothing in the record, however, to indicate whether the work would have been monitored, how the work would have been monitored or, more important, whether the building inspector would have required modifications to the fireplace as built by defendant. In sum, there is nothing in this record to suggest that the failure to obtain a permit is a cause without which the damage would not have occurred. There being no showing of proximate causation, we find that the defendant's motions for directed verdict were properly denied.

Defendant next contends that the court erred in denying his request for jury instructions on the issue of contributory negligence. The aforementioned lack of evidence as to proximate cause, however, defeats this contention as well. We recognize that G.S. 1A-1, Rule 51 imposes upon the trial judge a duty to explain the law and to apply it to the evidence on all substantial features of the case. *Warren v. Parks*, 31 N.C. App. 609, 230 S.E. 2d 684 (1976), *cert. denied*, 292 N.C. 269, 233 S.E. 2d 396 (1977). This principle, however, does not negate the import of proximate cause as an essential element of negligence.

No error.

Judges WELLS and BRASWELL concur.