LEROY D. McNEILL, JR. v. DURHAM COUNTY ABC BOARD AND RONALD D. ALLEN

No. 8514SC1082

(Filed 1 September 1987)

**1. Trial § 10.1— remarks by trial judge not prejudicial**

　　Defendant was not prejudiced by the cumulative effect of remarks by the trial judge where many of the remarks were jocular in nature and reflected upon no one; many of the remarks were justified admonishments to keep the trial moving; and the trial judge also admonished plaintiff's counsel and directed several remarks at him, thereby indicating that no favoritism was felt for either side.

**2. Assault and Battery § 3.1— civil assault action—issues**

　　In an action to recover for an assault with excessive force on plaintiff by an ABC officer, the trial court did not err in combining issues of whether defendant acted in self-defense and whether plaintiff engaged in an affray with defendant into the single issue of whether defendant assaulted plaintiff.

**3. Assault and Battery § 3.1— civil assault action—flashlight as deadly weapon— instructions**

　　In an action to recover for an ABC officer's assault on plaintiff with a flashlight, the trial court properly instructed the jury to consider the characteristics of the flashlight and the way it was used in deciding whether it was a deadly weapon. However, an instruction that the flashlight was a deadly weapon as a matter of law would not have been improper under the facts of this case.

**4. Witnesses § 5.2— character evidence by plaintiff**

　　Plaintiff could properly present character evidence in a civil assault case where defendants pled self-defense and alleged that plaintiff assaulted the individual defendant, and where defendants sought to cast doubt on plaintiff's truthfulness by cross-examining plaintiff about his version of the incident as well as about specific misdeeds. N.C.G.S. § 8C-1, Rules 405(a) and 608(a).

**5. Evidence § 50.1— expert medical testimony—angle and force of blow**

　　A neurologist who treated plaintiff was qualified to state his opinion as to the angle and force of a blow to plaintiff's head. N.C.G.S. § 8C-1, Rule 703.

**6. Constitutional Law § 77; Witnesses § 6— refusal to answer interrogatory—self-incrimination—waiver—cross-examination about reasons for refusal**

　　In a civil assault case in which defendant's refusal to answer an interrogatory on the ground of self-incrimination was sustained by a court order, cross-examination of defendant about why he had refused to answer the interrogatory was properly permitted after defendant testified on direct examination concerning information sought by the interrogatory, since defendant's direct testimony waived his protection against revealing to the jury his invocation of his right against self-incrimination, and his reversal of position about

McNeill v. Durham County ABC Bd.

the incriminating effect of his testimony was a fair target for impeachment as conduct indicating that his earlier claim was not true. N.C.G.S. § 8C-1, Rule 608(b).

**7. Assault and Battery § 3.1— civil assault action—evidence of dismissal of charges against plaintiff**

In a civil action for assault by an ABC officer, the trial court properly admitted evidence that criminal charges against plaintiff for assaulting defendant were dismissed.

**8. State § 4— governmental immunity—waiver by local State agencies—purchase of liability insurance**

Local agencies of the State, including county ABC Boards,·can waive their governmental immunity by purchasing liability insurance. Therefore, this civil action to recover for assault by an ABC officer is remanded for a determination as to whether defendant ABC Board has liability insurance and, if so, the amount thereof.

**9. Damages § 11.2; State § 4— punitive damages—no recovery against government agency**

Punitive damages assessed against defendant ABC Board for an assault by an ABC officer must be set aside since punitive damages are not recoverable against a governmental body or agency in the absence of statutory authority.

APPEAL by defendants from *Bailey, Judge*. Judgment entered 6 December 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 12 March 1986.

Plaintiff sued for personal injuries allegedly sustained when defendant Allen, an agent and employee of defendant Durham County ABC Board, struck him over the head with a flashlight while serving a warrant at the home of plaintiff's mother. Defendants denied plaintiff's main allegations and asserted several different defenses; defendant Allen counterclaimed, alleging that plaintiff assaulted him. It was stipulated that defendant Allen was acting within the scope of his employment and authority on the occasion involved, and the jury in pertinent part found that he committed an assault and battery on plaintiff with excessive force, and that plaintiff did not assault Allen. The jury awarded plaintiff $105,500 in compensatory damages and $7,000 in punitive damages—$5,000 from defendant Board and $2,000 from defendant Allen—and judgment was entered on the verdict.

In gist, *plaintiff's evidence*, presented mostly by him, his mother, and his doctors was to the following effect: Plaintiff and

his mother lived in both halves of a Durham duplex. She had been convicted several times of selling liquor illegally, but plaintiff has never been involved in her criminal activity. At about 9 o'clock on the night of 7 November 1981, plaintiff was preparing to leave the duplex when his mother walked up to the rear of the building with defendant Allen and two other men dressed in plain clothes. Plaintiff did not recognize the men and they did not identify themselves. Plaintiff's mother said the men wanted to search the house and told him to let them in. Before doing so, plaintiff asked for some identification and was preparing to write down the identifying information when defendant Allen struck him a "pretty good blow" on the back of the head with a large, heavy flashlight. The force of the blow knocked him to the floor, rendered him semiconscious, and caused plaintiff's head to bleed. Plaintiff did not have a weapon and there was no weapon in the house. Plaintiff was charged with attacking Allen and taken to jail, where he later became sick and vomited, after which he was taken to Duke Medical Center and treated for a basilar skull fracture and related injuries to the brain.

In substance, *defendants' evidence*, given by defendant Allen and the other two officers, was to the effect that: Defendant Allen and the other two officers had a search warrant authorizing them to search the house where plaintiff and his mother lived. Plaintiff's mother had a history of selling liquor and the house had the reputation as a liquor house. The officers first encountered plaintiff and his mother at a house across the street, where they identified themselves and presented the search warrant to Mrs. McNeill. Then they all went to the back door of the McNeill house and plaintiff entered, but when defendant Allen attempted to follow him into the house plaintiff shoved him and demanded identification. Allen warned plaintiff not to touch him, but plaintiff shoved him again, and as he fell backwards he struck plaintiff a glancing blow with the flashlight.

*McMillan, Kimzey, Smith & Roten, by Russell W. Roten and Duncan A. McMillan, for plaintiff appellee.*

*Haywood, Denny, Miller, Johnson, Sessoms & Haywood, by George W. Miller, Jr., J. A. Webster, III and Sherry R. Dawson, for defendant appellants.*

PHILLIPS, Judge.

Defendant appellants pose for consideration eleven main questions and several more sub-questions based on eighty-six assignments of error. To avoid repetition some of the questions and sub-questions will be discussed together.

I.

[1] Defendants first cite as prejudicial error some thirty-seven remarks made during the course of the trial by the presiding judge, James H. Pou Bailey. Most of the remarks were made to or about defense counsel and defendants argue that they showed the jury that the judge was antagonistic toward them and their counsel. Repeating the remarks would serve no purpose, for defendants do not contend that any remark by itself affected the outcome of the case. They contend rather that the cumulative effect of the remarks was prejudicial. We disagree and are of the opinion that no prejudice occurred for several reasons. First, many of the court's remarks were jocular in nature and reflected upon no one. Second, many of the remarks were justified admonishments to keep the trial moving. *Brenner v. Little Red Schoolhouse, Ltd.*, 59 N.C. App. 68, 295 S.E. 2d 607 (1982), *disc. rev. denied*, 307 N.C. 468, 299 S.E. 2d 220 (1983). Third, His Honor also admonished plaintiff's counsel and directed several remarks at him, thereby indicating that no favoritism was felt for either side.

II.

[2, 3] The arrangement, form and content of the issues and jury instructions are the subject of several different contentions, which can be treated together. Defendants contend, *inter alia*, that the trial court erred in combining the distinct issues of whether defendant Allen acted in self-defense and whether plaintiff engaged in an affray with him into the single issue of whether defendant Allen assaulted plaintiff; in misstating the law on these issues and confusing the jury as to the burden of proof; in refusing to submit issues as to various defenses raised by the pleadings and evidence and in failing to instruct the jury thereon; and in charging the jury that the flashlight defendant struck plaintiff with was a deadly weapon, while its nature was a question of fact for the jury. None of these contentions has merit and

we overrule them. The purpose of instructing the jury is to clarify the issues, summarize the relevant evidence, and state the law applicable thereto. *Federated Mutual Insurance Co. v. Hardin,* 67 N.C. App. 487, 313 S.E. 2d 801 (1984); G.S. 1A-1, Rule 51. While the judge must submit to the jury such issues raised by the pleadings and evidence as are necessary to fairly adjudicate the controversy at bar, *Rental Towel and Uniform Service v. Bynum International, Inc.,* 304 N.C. 174, 282 S.E. 2d 426 (1981), the form and number of the issues submitted is within the sound discretion of the trial judge. *Link v. Link,* 278 N.C. 181, 179 S.E. 2d 697 (1971). Though hotly contested, this case was a relatively simple one for the court to charge on and the jury to consider; for in essence it resolved down to whether Allen attacked plaintiff or vice versa. The issues that the judge submitted to the jury adequately covered the questions raised by the pleadings and evidence and nothing in the record suggests either that the applicable law was misstated or that the jury was confused by either the issues or the charge. As to the instructions given defendants cite no authority for their claim that they were inaccurate and portions of the instructions challenged in the brief are taken out of context. Read in context and considered as a whole, the instructions were both adequate and accurate. *Hanks v. Nationwide Insurance Co.,* 47 N.C. App. 393, 267 S.E. 2d 409 (1980). The instructions given not only address the primary issue of whether defendant Allen attacked plaintiff but also the defenses of self-defense, good faith, and reasonable force, as well as defendant Allen's claim that plaintiff attacked him. The court's summary of the parties' evidence on all these points was accurate and equal emphasis was given to the contentions of each party. As to the instruction about the flashlight the court did not charge that it was a deadly weapon as a matter of law; instead, the court instructed the jury to consider the characteristics of the flashlight and the way that it was used in deciding whether it was in fact a deadly weapon. But even if the instruction had been given as contended it would not have been prejudicial for two reasons. First, defendant Allen categorically admitted from the witness stand that a flashlight similar to the one he used was a deadly weapon; and second, the exhibit sent here by the trial court is a mace-like implement of hard metal that weighs 2½ pounds and is 14¾ inches long, with a grip or tube about the size of a baseball bat handle and with a head or "business end" that is 7 inches in circumference. Our

Supreme Court has said that an ordinary brick 8 inches long, 4 inches wide, and 2 inches thick is a deadly weapon as a matter of law when used as a club in striking another, *State v. Perry*, 226 N.C. 530, 39 S.E. 2d 460 (1946), and this club-like object is obviously more suitable for destructively clubbing someone over the head with than is an ordinary brick.

## III.

Of the several evidentiary rulings that defendants complain of, none of which has merit, we discuss the following:

### a.

[4] The contention that the court erred in receiving the testimony of two character witnesses because plaintiff's character was not in issue is without foundation. Evidence of a person's character is admissible when character or a character trait is an essential element of a charge, claim, or defense. G.S. 8C-1, Rule 405(b). In this civil suit for assault and battery, in addition to pleading self-defense and alleging that plaintiff assaulted defendant Allen, defendants sought to cast doubt on plaintiff's truthfulness by rigorously cross-examining him about his version of the incident as well as about specific misdeeds that tended to sully plaintiff's character. Plaintiff had a right to attempt to counteract these reflections upon his veracity and character with evidence as to his reputation for truthfulness, G.S. 8C-1, Rule 608(a), and as to his general character, G.S. 8C-1, Rule 405(a).

### b.

[5] The argument that Dr. Radtke, a neurologist who treated plaintiff, was not qualified to give an opinion as to the angle and force of the blow to plaintiff's head is likewise meritless. Dr. Radtke was clearly more capable of drawing inferences as to the force and direction of the blow to plaintiff's head than the jury was and the receipt of his opinion was not error. G.S. 8C-1, Rule 703; *State v. Bullard*, 312 N.C. 129, 322 S.E. 2d 370 (1984).

### c.

[6] Prior to trial, by an interrogatory plaintiff asked defendant Allen to describe fully all conversations and non-verbal communication that took place at plaintiff's home on the night in question. Allen refused to answer this interrogatory on his attorney's ad-

vice that it might be incriminating, and the refusal was sustained by court order. Over objection at trial plaintiff's counsel got Allen to admit on cross-examination that he had not answered the interrogatory and to explain why. This was not prejudicial error, as defendants contend, because defendant Allen had provided the same information a few minutes earlier on direct examination. Had he not so testified defendant would have had Fifth Amendment protection against self-incrimination, which has been extended to civil actions where a party's admissions might subject him to punitive damages, *Allred v. Graves*, 261 N.C. 31, 134 S.E. 2d 186 (1964), and the corollary protection against his invocation of right being revealed to the jury at trial, *State v. McCall*, 286 N.C. 472, 212 S.E. 2d 132 (1975); but by testifying as he did on direct examination defendant clearly waived both protections. *See* 81 Am. Jur. 2d *Witnesses* Secs. 37, 528 (1976). His reversal of position about the incriminating effect of his testimony was a fair target for impeachment as conduct indicating that his earlier claim was not true. G.S. 8C-1, Rule 608(b).

d.

[7] It was not error, as defendants contend, that plaintiff's counsel elicited from defendant Allen on cross-examination that the criminal charges brought against plaintiff for assaulting Allen were dismissed. Since it was in evidence that defendants charged him with a criminal offense and took him to jail, that the charges were dismissed was not irrelevant and we know of no rule that made the evidence inadmissible.

e.

Defendants' further contention that various lay witnesses, including defendant Allen, were erroneously allowed to express opinions as to the ultimate issue is deemed to have been abandoned, since no supporting legal authority was cited for any of the assignments of error involved. N.C. Appellate Rule 28(b)(5).

IV.

[8, 9] Defendant Board moved for a directed verdict on both the liability and punitive damages issues on the grounds of governmental immunity. In denying the motions Judge Bailey expressed the opinion that it was time the Supreme Court took another look at governmental immunity, "particularly in cases of this sort."

Draping the cloak of governmental immunity over activities of the defendant Board in this case does seem incongruous, to say the least. Since it operates what is almost certainly the biggest and most profitable retail mercantile business in Durham County and the product it sells is a drug that harms rather than benefits those that use it, it would seem that this business should bear the full cost of its operation, as other businesses do; and if our Supreme Court had not already intimated or ruled otherwise, we would be inclined to so hold. But as we understand the majority opinion in *Gardner v. City of Reidsville*, 269 N.C. 581, 153 S.E. 2d 139 (1967), local ABC Boards are not engaged in business within the contemplation of law, their millions in profits each year notwithstanding, and governmental immunity attaches to their investigative and enforcement activities, and this Court is not in position to reexamine that view. But since cities and counties can waive their immunity by purchasing liability insurance, *see* G.S. 160A-485, G.S. 153A-435, we are of the opinion and so hold that local agencies of the State such as the defendant Board can likewise waive their immunity by purchasing such insurance. *See Sides v. Cabarrus Memorial Hospital, Inc.*, 287 N.C. 14, 213 S.E. 2d 297 (1975); *Clary v. Alexander County Board of Education*, 286 N.C. 525, 212 S.E. 2d 160 (1975); *Casey v. Wake County*, 45 N.C. App. 522, 263 S.E. 2d 360, *disc. rev. denied*, 300 N.C. 371, 267 S.E. 2d 673 (1980). But here, the record is not conclusive as to whether the defendant Board had such insurance; all that it reveals is that when asked by interrogatory to produce any insurance policies it had the defendant responded "none," and that over a year later defendant Board stipulated that subject to pending motions the court had jurisdiction over it and the subject matter. Though this stipulation might be construed as an admission that sovereign immunity had been waived in some amount, *see, Clary v. Alexander County Board of Education, supra,* under the circumstances, we prefer that it be positively determined by the trial court whether defendant Board had liability insurance and, if so, in what amount. For if the Board had no such insurance the judgment against it must be set aside; but if it had such insurance, governmental immunity was waived in the amount of the coverage and the judgment should so provide. Upon remand the burden will be on defendant Board to show whether it was insured and the amount, if any. In any event the punitive damages assessed against the defendant Board must be and is set aside, since the

rule in this State seems to be that in the absence of statutory authority punitive damages are not recoverable from a governmental body or agency. *Long v. City of Charlotte*, 306 N.C. 187, 293 S.E. 2d 101 (1982).

As to defendant Allen—no error.

As to defendant Durham County ABC Board—no error in part; reversed in part; and remanded with instructions.

Judges BECTON and PARKER concur in the result.