JOE CARTER, REBECCA W. CARTER and CRYSTAL VENTURES CORPORATION, a NORTH CAROLINA CORPORATION v. STANLY COUNTY, a COUNTY IN THE STATE OF NORTH CAROLINA, WILLIAM DWIGHT SMITH, CHAIRMAN OF THE STANLY COUNTY COMMISSIONERS; DONNIE JOE WHITLEY, PAUL EDWARD BOWERS, SR., THOMAS EDWARD UNDERWOOD, MELVIN K. HUNEYCUTT, COUNTY COMMISSIONERS; THE STANLY COUNTY HEALTH DEPARTMENT, JERRY L. BURLESON, J. MICHAEL HATLEY, DR. PAUL B. HOUNSHELL, JR., EDWIN (PETE) R. JOHNSON, DONNA T. BAUCOM, DR. SAMUEL G. GRIFFIN, DR. LOUIS C. KANDL, DR. SAMUEL E. THOMPSON, EDWARD (RUSTY) R. KERR, O. DAVID WILLIAMS, JR., DONNIE JOE WHITLEY, MEMBERS OF THE STANLY COUNTY BOARD OF HEALTH; DR. JOSEPH BARRY [SIC] BASS, JR., BENJAMIN WASHINGTON and MICHAEL GOFORTH

No. COA95-1176

(Filed 16 July 1996)

1. **Municipal Corporations § 445 (NCI4th)— diminution in land value—exclusion from county liability policy**

   The trial court properly dismissed plaintiffs' action for diminution in value of their subdivision against a county health department, since there existed a liability insurance policy in excess of $150,000; it contained explicit unequivocal language excluding coverage for any damage to property, including diminution in value and loss of use; and plaintiffs' claims came within this exclusion and were barred by sovereign immunity.

   **Am Jur 2d, Administrative Law §§ 487 et seq.; Municipal, County, School, and State Tort Liability §§ 37-40.**

2. **State § 38 (NCI4th)— agents of the State—negligence actions—Industrial Commission appropriate forum**

   A county health department director and registered sanitarians were agents of the State, and any action against them based on negligence must be filed in the Industrial Commission; there-

CARTER v. STANLY COUNTY

[123 N.C. App. 235 (1996)]

fore, the trial court correctly dismissed the actions against them filed in the superior court.

**Am Jur 2d, Agency § 268; Municipal, County, School, and State Tort Liability §§ 648 et seq.**

Judge WALKER dissenting.

Appeal by plaintiffs from order entered 14 June 1995 in Stanly County Superior Court by Judge Ronald L. Stephens. Heard in the Court of Appeals 4 June 1996.

*Richard M. Warren for plaintiff-appellants.*

*Frank B. Aycock, III, Parker, Poe, Adams & Bernstein, by Fred T. Lowrance and Andrew D. Shore, and Michael W. Taylor, for defendant-appellees.*

GREENE, Judge.

Joe Carter, Rebecca Carter and Crystal Ventures Corporation (plaintiffs) appeal an order granting summary judgment for Stanly County; William Dwight Smith, Chairman of the Stanly County Commissioners; Donnie Joe Whitley, Paul Edward Bowers, Sr., Thomas Edward Underwood, Melvin K. Huneycutt, County Commissioners; the Stanly County Health Department (Health Department); Jerry L. Burleson, J. Michael Hatley, Dr. Paul B. Hounshell, Jr., Edwin R. Johnson, Donna T. Baucom, Dr. Samuel G. Griffin, Dr. Louis C. Kandl, Dr. Samuel E. Thompson, Edward R. Kerr, O. David Williams, Jr., Donnie Joe Whitley, members of the Stanly County Board of Health; Dr. Joseph Baird Bass, Jr., Benjamin Washington (Washington) and Michael Goforth (Goforth) (collectively defendants).

Plaintiffs submitted an application to Washington, the Stanly County Environmental Health Supervisor and a registered sanitarian, requesting soils evaluation of a seventy-one acre tract of land. In response to plaintiffs' application, Goforth, a registered sanitarian with the Health Department, conducted a soils evaluation.

According to plaintiffs, Goforth stated that "75% to 80% of this property is suitable as it is, and probably all of it will pass if you will use a few low pressure systems." Based on the soils evaluation, plaintiffs began developing the property. Starting in "late 1989 and continu[ing] well into 1990" Goforth conducted more soils evaluations on

plaintiffs' individual lots and approved thirty-four, while rejecting at least twenty-four. On 30 June 1993, however, plaintiffs "were told, for the first time, that none of the lots [on the property] were suitable or would be approved." As a result of this information the valuation of the property by the Stanly County Tax Department dropped from $663,717.00 to $136,249.00.

Plaintiffs filed a complaint on 19 April 1994 alleging: (1) that defendants Goforth and Washington failed to properly inspect plaintiffs' property, which actions amounted to "negligence and gross and willful negligence"; (2) defendants Stanly County and the Health Department negligently hired, trained, and supervised Goforth and Washington; (3) Stanly County and the Health Department failed to adopt the accepted methods of the State Department of Human Resources for performing soils evaluations; (4) defendants' "actions and their agents and employees' statements about the property" constitutes slander of property; and (5) defendants' "actions in first approving lots . . . and then denying and withdrawing approval" amounted to "a taking . . . and an inverse condemnation of [p]laintiffs' property." It is also alleged that the actions of the defendants left them with "a subdivision that is unmarketable and practically worthless." Finally the plaintiffs alleged that to the extent sovereign immunity applied, that it had been waived by the purchase of liability insurance.

Attached to the complaint is a copy of a "Public Officials Liability Policy" in the amount of $1,000,000.00, listing Stanly County as the named insured. Insured is further defined in the policy to include all "elected, appointed or employed officials" of Stanly County. Under the section labelled "EXCLUSIONS" the policy expressly states that it does not cover "any claim made against the INSURED" for any "damage to or destruction of any property, including diminution of value or loss of use thereof."

Defendants denied plaintiffs' claims for relief and moved for summary judgment, which the trial court granted.

The issue is whether the defendants are immune from suit in superior court.

"[T]he doctrine of sovereign immunity precludes suit against the State and its agencies unless the State has consented to be sued or waived its right." *EEE-ZZZ Lay Drain Co. v. North Carolina Dept. of Human Resources*, 108 N.C. App. 24, 27, 422 S.E.2d 338,

340 (1992). With regard to tort claims against "departments, institutions and agencies of the State," the State has waived its immunity up to the amount of $150,000.00; provided the claim is filed with the North Carolina Industrial Commission. N.C.G.S. § 143-291(a) (Supp. 1995) (State Tort Claims Act). Immunity is also waived by agencies of the State upon the purchase of an insurance policy insuring the loss. *McNeill v. Durham County ABC Bd.*, 87 N.C. App. 50, 57, 359 S.E.2d 500, 504 (1987), *modified on other grounds*, 322 N.C. 425, 368 S.E.2d 619 (1988). When there is insurance covering the loss in an amount equal to or greater than $150,000.00 and the claim is within the scope of the State Tort Claims Act, the claim is properly filed in the Superior Court. *Meyer v. Walls*, 122 N.C.App. 507, 513-14, 471 S.E.2d 422, 427, (1996).

### A. Stanly County Health Department

[1] With regard to sewage treatment and disposal and the issuance of improvement permits, local health departments act as agents of the State and are therefore "immune from suit" in the courts of general jurisdiction, *EEE-ZZZ Lay Drain Co.*, 108 N.C. App. at 28, 422 S.E.2d at 341, unless there exists a liability insurance policy covering the loss with limits in excess of $150,000.00. In this case, although there exists a liability insurance policy in excess of $150,000.00, it contains explicit unequivocal language excluding coverage for any damage to property, including diminution of value and loss of use. The plaintiffs' claims fall within this exclusion because they seek damages only for the diminished value of their property. Specifically, the plaintiffs claim that the actions of the defendants left them with "a subdivision that is unmarketable and practically worthless." Accordingly, the purchase of the liability insurance policy does not waive the County's immunity and the rule stated in *Meyer* does not apply. Because the claims are against an agency of the State and within the scope of the State Tort Claims Act, the trial court was correct in dismissing the action against the Health Department.

### B. Dr. Joseph Baird Bass, Jr., Benjamin Washington and Michael Goforth

[2] Because the Health Department is an agent of the State, it follows that its director and registered sanitarians are also agents of the State. *See Vaughn v. Dept. of Human Resources*, 296 N.C. 683, 686-87, 252 S.E.2d 792, 795 (1979) (director and staff of county Department of Social Services are agents of the State). Therefore, because the liability policy provides no coverage, any action against them based on

negligence must be filed in the Industrial Commission and the trial court correctly dismissed the actions against them filed in the Stanly County Superior Court.

C. Stanly County, County Commissioners and Board of Health

Plaintiffs' complaint alleges that the "County and its Board of Health [and County Commissioners] are liable under the doctrines of principal and agent and respondeat supervisor." Because we have determined that the Health Department, its director, and registered sanitarians are immune from suit in superior court, it follows that these other parties have no liability and summary judgment for these defendants was proper.

Affirmed.

Judge MARTIN, John C., concurs.

Judge WALKER dissents.

Judge WALKER dissenting.

I dissent from the majority opinion on the basis of this Court's recent decision in *Meyer v. Walls*, 122 N.C. App. 507, 471 S.E.2d 422 (1996) which held that where a government entity waives the defense of sovereign immunity by purchasing liability insurance in an amount equal to or in excess of the coverage provided by the Tort Claims Act, jurisdiction rests with the superior court. Here, plaintiffs allege that the defendants waived immunity by purchasing liability insurance.

I would remand this cause to the superior court to make findings of fact as to whether the insurance policy or policies in question have liability limits equal to or greater than the coverage provided by the Tort Claims Act. Further, the court should make findings regarding whether the policy provides coverage for any or all of the plaintiffs' claims. If the policy provides coverage which is equal to or greater than the amount provided by the Tort Claims Act, jurisdiction properly rests in the Superior Court. If not, jurisdiction is in the Industrial Commission and the superior court should dismiss the action for lack of subject matter jurisdiction.