The Deputy Commissioner denied defendant's motion to dismiss plaintiff's claim pursuant to Rule 12(b)(1), (2) and (6) of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. § 143-299, the statute of limitations for State Tort Claims Act suits. Commissioner Bernadine S. Ballance held that "defendant's challenge to the jurisdiction of the Industrial Commission is immediately appealable", and ordered the matter set on the Full Commission docket. See, accord, SouthernFurniture Company v. N.C. Dept. of Transportation, 122 N.C. App. 113,115, 468 S.E.2d 523 (1996).
Upon review of the allegations of the pleadings and the reasonable inferences drawn therefrom, in the light most favorable to the plaintiff, with reference to the arguments of counsel, the Full Commission concludes as a matter of law that the affidavit states a claim within the jurisdiction of the Commission pursuant to the State Tort Claims Act (hereinafter, the Act); and, that the claim was filed within the three year limitation of the Act; but that the claimant has incorrectly identified as defendants parties not liable for awards under the Act, but may, within a reasonable time, amend his complaint to properly show jurisdiction by naming as defendant the agency of the State that his allegations implicate as the liable party.
Jurisdiction of the Claim and the Parties
The Act provides that the Commission is "constituted a court" to hear claims of negligence against "the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State"; community colleges, technical colleges, and the N.C. High School Athletic Association, Inc., which are "deemed State agencies for the purpose of this Article"; and, claims against local Boards of Education that arise from the operation or maintenance of their buses and other school transportation vehicles. N.C. Gen. Stat. §§ 143-291 and 143-300.1(a). If the Commission finds that the claimant has been damaged "as a result of negligence of any officer, employee, involuntary servant or agent of the State [excluding independent contractors of the Athletic Association] . . . under circumstances where the State of North Carolina, if a private person, would be liable" under the tort theory of respondeat superior, the Commission shall "direct the payment of . . . damages by the department, institution or agency concerned" not to exceed $150,000.00. N.C. Gen. Stat. § 143-291 (1994); Barney v. North CarolinaState Hwy. Com'n, 282 N.C. 278, 192 S.E.2d 273 (1972). "If a State agency . . . purchases a policy of commercial liability insurance providing coverage in an amount at least equal" to the $150,000.00 limit, such cases are heard in Superior Court. N.C. Gen. Stat. § 143-291(b); Carter v. Stanly County,123 N.C. App. 235, 472 S.E.2d 378 (1996), [citing Meyer v.Walls, 122 N.C. App. 507, 513, 471 S.E.2d 422 (1996),petition for disc. rev. granted, 344 N.C. 438 (1996)]. Otherwise, the Commission's jurisdiction of such claims, as against the specified parties, is exclusive. Lyon Sons v.Sampson County Bd. of Educ., 238 N.C. 24, 76 S.E.2d 553
(1953); Robinette v. Barriger, 116 N.C. App. 197, 202,447 S.E.2d 498, 501 (1994), aff'd without precedentialvalue, 342 N.C. 181, 463 S.E.2d 78 (1995). This limited waiver of sovereign immunity, in derogation of the common law, must be strictly construed as to causes of action (Nello L.Teer Co. v. North Carolina State Hwy. Com'n, 265 N.C. 1, 9,143 S.E.2d 247 (1965)), and as to parties (Collins v. N.C.Parole Commission, 118 N.C. App. 544, 548, 456 S.E.2d 333
(1995), modified and aff'd, 344 N.C. 179, 473 S.E.2d 1(1996)), although proof of negligence is to be determined as among private parties (Northwestern Distributors, Inc. v.North Carolina Dept. of Transportation, 41 N.C. App. 548,550, 255 S.E.2d 203, cert. denied, 298 N.C. 567,261 S.E.2d 123 (1979); N.C. Gen. Stat. §§ 143-291).
While counties and municipalities are "subordinate divisions" of the State, they are not "agencies" of the State as the term is used in the statutes generally, or the State Tort Claims Act in particular, and thus cannot be sued in the Industrial Commission except as that Act specifically provides. N.C. Gen. Stat. § 12-3.1(b); Hull v. Oldham, 104 N.C. App. 29, 41, 407 S.E.2d 611
(1991). However, the State agencies may be liable for negligent acts of county employees when it exercises such a high degree of control over their activities that the employees are effectively rendered agents of the State — which is to be determined in every instance . . . upon application of the principles of agency and respondeat superior to the facts in the case under consideration." Vaughn v. North Carolina Dep't of HumanResources, 296 N.C. 683, 692, 252 S.E.2d 792 (1979).
"With regard to sewage treatment and disposal and the issuance of improvement permits, local health departments act as agents of the State . . . .". Carter v. Stanly County,supra, citing EEE-ZZZ Lay Drain Co. v. N.C. Dept. ofHuman Resources, 108 N.C. App. 24, 28, 422 S.E.2d 338, 340
(1992). In this claim, the plaintiff alleges that the defendant Iredell County Health Department's sanitarians, negligently failed to discover or disclose defects in a septic system before he bought the residence it serviced in 1986, or alternatively, that a second inspection in late 1993 and/or the resulting report in early 1994 were negligently done, costing him the unnecessary expense of changing the system, the loss of a sale of the property, etc. Accordingly, the Deputy Commissioner properly denied defendant's motion to dismiss the claim for lack of subject matter jurisdiction per N.C.R. Civ. Pro. 12(b)(1).
However, Iredell County and its Health Department are not proper defendants under the Tort Claims Act. First, and in any forum, a department or agency of a local government is not by itself an entity that may be sued separate and apart from the local government. Consequently, the Iredell County Department of Health should be dismissed as a defendant. Coleman v.Cooper, 89 N.C. App. 188, 192, 366 S.E.2d 2 (1988),disc. rev. denied, 322 N.C. 834, 371 S.E.2d 275 (1988). Particular to the State Tort Claims Act, it is the stateagency, not the agent, employee or local government, that is vicariously liable under the theory of respondeatsuperior, and is the appropriate defendant. See e.g.,Vaughn, and Collins, supra. Claims against the negligent employee or local government (if not immune to suit) must be brought in the Superior Court under the normal common law tort theory. Givens v. Sellars, 273 N.C. 44,159 S.E.2d 530 (1968); Wirth v. Bracey, 258 N.C. 505,128 S.E.2d 810 (1963). Hull, at 41. However, in the interest of justice and judicial economy, i.e., to save the parties and the Commission the time and expense of re-filing pleadings and setting up new files, this matter will be held open for 30 days from the date of this Order to permit the plaintiff to amend his complaint to name as the party-defendant the N.C. Department of Human Resources and/or N.C. Dept. of Environmental Health and Natural Resources, being the agencies that housed the Commission for Health Services, which establishes standards and criteria for sanitarians' inspections, as appropriate. Cates v. N.C. Dept.of Justice, 121 N.C. App. 243, 247-48, 465 S.E.2d 64 (1996),petition for disc. rev. granted, 344 N.C. 435, ___ S.E.2d ___ (1996). This is permitted, at least under the relaxed pleading requirements of the State Tort Claims Act, because such an amendment shows, rather than confers, jurisdiction.Crawford v. Wayne County Bd. of Educ., 3 N.C. App. 343,345-46, 164 S.E.2d 748 (1968); Teachy v. Coble Dairies, Inc.,306 N.C. 324, 333, 293 S.E.2d 182 (1982) at 187; BranchBanking Trust Co. v. Wilson County Bd. of Educ.,251 N.C. 603, 607-08, 111 S.E.2d 844 (1960).
Public Duty Doctrine
The following discussion concerning the public duty doctrine was written prior to the filing on February 4, 1997 of the Court of Appeals' decisions in Hunt v. N.C. Dept. of Labor, (No. COA96-312) and Stone, et al. v. N.C. Dept. ofLabor, (No. COA96-207), which hold that "the public duty doctrine is inapplicable in suits brought under the Tort Claims Act", on the principle that "`negligence is determined by the same rules as those applicable to private parties'". That principle is "implicit in the language of the Act itself", which provides that the State will be liable "where . . . if a private person, would be liable to the claimant in accordance with the laws of North Carolina." N.C. Gen. Stat. § 143-291(a);MacFarlane v. N.C. Wildlife Resources Comm., 244 N.C. 385,387, 93 S.E.2d 557 (1956). In the context of these cases, application of the principle would heighten the dutyowed citizens generally. However, as discussed, the public duty doctrine would be inapposite on the facts of this case, even if applicable to these parties.
The defendant also moved to dismiss the complaint per Rule 12(b)(6) on the ground that plaintiff's allegations failed to state a claim in light of the Public Duty Doctrine. The doctrine is not a species of sovereign immunity, although it is applicable only to governments, with similar effect, since it obviates the waiver of immunity. While our Courts have rarely stated it specifically, it is clear from the cases in which this common law rule has been applied, and not applied, that the Public Duty Doctrine is applicable when the plaintiff has been victimized by some third party that a public employee or agency was empowered to restrain, and the plaintiff seeks damages on the theory that the public employee or agency negligently failed to prevent his or her loss or injury. The doctrine holds that, when the governmental function is carried out for the benefit of the general public, there is no breach of duty to any individual that the effort fails to protect. "In general, there is no duty to prevent harm to another by the conduct of a third person."Hedrick v. Raines, 121 N.C. App. 466, 469,466 S.E.2d 281 (1996), aff'd, 344 N.C. 729, 477 S.E.2d 171 (1996). Rather than allow the allocation of public resources to be dictated by concern for those citizens most likely to mount a successful lawsuit, the doctrine holds that governments will not be liable unless their agencies or employees had formed a special relationship or offered special promises of protection to the plaintiff/victim. Coleman v. Cooper, supra,
(sued city for police failure to prevent murder of victim/witnesses by defendant/father, when officer told "they were not afraid of their father"); Hull v. Oldham,supra, (sheriff's failure to protect from crazed gunman); Braswell v. Braswell, 330 N.C. 363, 410 S.E.2d 897 (1991) (failure to protect victim of domestic violence); Prevette v. Forsyth County, 110 N.C. App. 754,431 S.E.2d 216 (1993) (animal control officer patrolling the neighborhood failed to prevent plaintiff's decedent's death from dog attack); Clark v. Red Bird CabCo., 114 N.C. App. 400, 442 S.E.2d 75 (1994) (police failure to investigate felon before he was granted a taxi permit, brought by the estate of murdered passenger).
In support of the Rule 12(b)(6) motion, the Attorney General cites the recent case of Sinning v. Clark, 119 N.C. App. 515,459 S.E.2d 71 (1995), disc. rev. denied, 342 N.C. 194,463 S.E.2d 242 (1995), wherein plaintiffs brought suit against their contractor for "several major structural defects" in the construction of their residence that rendered it "unfit for occupation", and joined the City of New Bern for the negligent and/or "willful and wanton" failure of its building inspector, who issued a temporary certificate of occupancy, for its failure to prevent plaintiffs' loss. See Moseley v. L L Constr., Inc., 123 N.C. App. 79, 472 S.E.2d 172 (1996).Moseley relied on Sinning in upholding a dismissal of a complaint against Burke County, again brought along with a suit against a contractor, for failure to state a claim for the negligent and/or willful and wanton failure of its inspector to locate and require correction of numerous building code violations and structural defects during the construction of a house they ultimately purchased. The claims against both counties were dismissed pursuant to the Public Duty Doctrine.
In the present case, plaintiff alleges he purchased a residence in 1986 in reliance on a sanitarian's pre-closing inspection that revealed no problems. In 1994, another sanitarian inspected the property, apparently in preparation for plaintiff's resale of it, and reported that the septic system had defects as a result of "fundamental changes [since initial installation] . . . not authorized by existing permit rendering the system in violation of State law" which plaintiff alleges either existed at the time he purchased the property, or not at all. Assuming the truth of his allegations, Mr. Becker was not damaged by the shoddy workmanship — he did not own the property when it was done. Rather, he alleges that he was injured when he purchased the property based on the negligently obtained or rendered opinion of the Iredell County's sanitarian that this property was free from such defects. Alternatively, the second inspection and report were wrong, and the sanitarian making them thus inflicted needless repair or replacement costs, spoiled his sale, etc. Thus, the immediate cause of the injury was not a third party, but an alleged agent of a State department. The State contends that the sanitarian was operating under a county program, outside of the State mandated or controlled program that renders him their agent. However, in light of the broad statement inCarter cited above, and the method of scrutinizing pleadings offered by the non-moving party to resolve Rule 12(b)(6) motions, that question must be resolved after findings of fact. See also Cates, supra.
Statute of Limitations
Finally, the State argues that the plaintiff's claim was not filed "within three years after the accrual of such claim", as required by the State Tort Claims Act. N.C. Gen. Stat. §143-299. Plaintiff's alternative theory — that the second inspection and/or report were negligently done — states a claim that is clearly within that period. Plaintiff's initial affidavit alleges that the first inspection was done "in conjunction with the sale of the property to Mr. Becker in May, 1986", and that "the injury . . . giving rise to this claim occurred . . . on January 4, 1994" when Mr. Becker "received a copy of a second inspection of the septic system" that revealed its alleged problems to him for the first time, and that "as a result, claimant could not sell/transfer the property until the septic system was put into compliance with State law at the expense of the claimant". Among the damages alleged are "diminution of the property's fair market value; and loss profits from the loss of prospective sales of the property". We think this case is analogous to Wilson v. McLeod Oil Co.,95 N.C. App. 479, 483, 487-88, 383 S.E.2d 392 (1989) (1986 suit alleging 1979 pollution discovered in 1984, held timely ) citingRaftery v. Wm. C. Vick Constr. Co., 291 N.C. 180,230 S.E.2d 405 (1976), aff'd, 327 N.C. 491, 512,398 S.E.2d 586 (1990). No contractual relationship existed between plaintiff and either sanitarian that would involve N.C. Gen. Stat. § 1-15(c), concerning professional malpractice. Consequently, the motion to dismiss per the statute of limitations should be denied.
* * * * * * * * * * *
ORDER
Consequently, IT IS ORDERED that the defendant's motions to dismiss the claim are DENIED; and, that the plaintiff shall have 30 days from the date of this Order to amend the complaint to substitute department(s) or agencies of the State specified in N.C. Gen. Stat. § 143-291 for the local government entities.
 S/ _________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER
JRW:md 11/13/96