CATES v. N.C. DEPT. OF JUSTICE

[121 N.C. App. 243 (1996)]

PHILIP B. CATES AND DURHAM COUNTY v. NORTH CAROLINA DEPARTMENT OF JUSTICE, ATTORNEY GENERAL'S OFFICE, AND NORTH CAROLINA DEPART-MENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES

No. COA94-1352

(Filed 2 January 1996)

1. **Sanitation and Sanitary Districts § 5 (NCI4th)— sanitarian—soil evaluation—defense by Attorney General**

Although the statute providing for defense of sanitarians by the Attorney General, N.C.G.S. § 143-300.8, did not become effective until 1987 and the preliminary soil evaluation at issue here was done in 1986, the statute applies because the obligation of the Attorney General to provide a defense did not accrue until the filing of the action, which was after the effective date of the statute.

   **Am Jur 2d, Attorney General § 12.**

2. **Sanitation and Sanitary Districts § 5 (NCI4th)— sanitarian—defense of—best interests of State**

Although the Attorney General argues that defending a sanitarian who conducts a preliminary soil evaluation is not in the best interests of the State under N.C.G.S. § 143-300.8 because the sanitarian was not enforcing the rules of the Commission for Health Services in that those rules do not provide for the use of a preliminary evaluation, there is no dispute that the evaluation was conducted consistent with the criteria established by the Commission, there is no requirement in the rules prohibiting the procedure, and, although the Attorney General has great discretion in determining whether providing a defense would be in the best interests of the State, the fact that the sanitarian's preliminary soil evaluation was not required by the rules of the Commission for Heath Resources is not a reason supported in law and the Attorney General thus had an obligation to provide a defense.

   **Am Jur 2d, Attorney General § 12.**

3. **Sanitation and Sanitary Districts § 5 (NCI4th); Attorney General § 11 (NCI4th)— sanitarian—refusal to defend—sovereign immunity**

Any claim for reimbursement of costs incurred in the Attorney General's failure to defend a sanitarian under N.C.G.S.

§ 143-300.8 is barred by sovereign immunity because the Department of Justice is a state agency and the statute does not specifically provide for damage awards against it.

**Am Jur 2d, Attorney General § 12.**

4. **Administrative Law and Procedure § 32 (NCI4th)— refusal of Attorney General to defend sanitarian—damages—joinder refused—administrative action**

The trial court properly refused to permit joinder of DEHNR as a party respondent in an administrative appeal from the refusal of the Attorney General to defend a sanitarian because any action pursuant to N.C.G.S. § 143-300.8 to enforce DEHNR's obligation to pay a judgment or settlement is in the nature of a civil action. In any event, the trial court did not abuse its discretion in denying the request to join DEHNR because this new claim was asserted four years after the original petition.

**Am Jur 2d, Administrative Law § 291.**

Judge WYNN dissenting.

Appeal by plaintiffs from order entered 29 September 1994 in Wake County Superior Court by Judge Henry W. Hight, Jr. Heard in the Court of Appeals 12 September 1995.

*Womble Carlyle Sandridge & Rice, by Johnny M. Loper, for plaintiff-appellants.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*

GREENE, Judge.

Philip B. Cates (Cates) and Durham County (collectively petitioners) appeal an Order entered 29 September 1994 in Wake County Superior Court denying Durham County's motion to intervene as a party petitioner, denying Cates' motion to join the North Carolina Department of Environment, Health and Natural Resources (DEHNR) as a party respondent, finding that the question of state responsibility is moot, and ordering that Cates' Petition for Judicial Review be dismissed.

Cates was employed as a Registered Sanitarian by the Environmental Health Division of the Durham County Health

Department. On 17, 18 and 21 July 1986, at the request of H&W Developers (H&W), Cates conducted a preliminary soil evaluation on a tract of land in Durham County. H&W filed a negligence suit against Cates and Durham County (the H&W litigation) on 13 July 1989 alleging that Cates was negligent in the conducting and issuance of the preliminary soil analysis and alleging that Durham County was negligent in "failing to ensure that Defendant Cates complied with the County policy."

Durham County had in effect at the time of the alleged negligent acts a $1,000,000 liability insurance policy covering its employees. The policy included a $100 deductible clause and obligated the company to defend any action against the insured or its employees.

On 17 October 1989, the Attorney General's office, pursuant to N.C. Gen. Stat. § 143-300.8, was requested to provide Cates with a defense in connection with the H&W litigation. Cates was informed by letter dated 9 February 1990 from Assistant Attorney General Gayl Manthei that the case was "not one where representation by the Attorney General's Office is appropriate." According to Ms. Manthei, the acts by Cates were done in 1986, prior to passage of section 143-300.8, and in any event Cates was not "enforcing the rules of the Commission for Health Services when conducting [the] preliminary site evaluations," and therefore did not fall under section 143-300.8.

Pursuant to N.C. Gen. Stat. Chapter 150B, on 30 March 1990 Cates petitioned for administrative review of the Attorney General's denial to provide him with a defense in the H&W litigation. In that petition, Cates requested that the Attorney General be "required to defend" the H&W litigation. Evidence presented indicates that Cates, acting on behalf of the Durham County Health Department, performed a "preliminary soils analysis" and made a preliminary evaluation of the suitability for sewage disposal of properties owned by H&W. The preliminary evaluation indicated that all but one of the fifty proposed lots were suitable for on-site septic systems. A final permit was never issued. In performing the preliminary analysis, Cates utilized the factors listed in the rules of the Commission.

In its Final Agency Decision, Attorney General Michael Easley concluded that Cates had no right to legal representation in this instance. The reasons given were: (1) the "defense of this action would not be in the best interest of the State because the preliminary site evaluation work done by [Cates] is not required by or even mentioned in State rules"; (2) "G.S. § 143-300.8 is not retroactively effec-

tive for acts or omissions which occurred prior to its enactment"; (3) Cates was not enforcing the rules of the Commission at the time he performed the preliminary soil analysis; and (4) the claim is moot because the underlying action has been settled. At some point prior to the issuance of the Final Agency Decision, the H&W litigation was settled for $495,000. With the exception of the $100 deductible paid by Durham County, the settlement was paid in full by the liability insurance company. Pursuant to N.C. Gen. Stat. § 150B-43, Cates and Durham County, on 7 March 1994, petitioned the Superior Court of Wake County for judicial review of the Final Agency Decision, requested that Durham County be allowed to intervene as a party petitioner, requested that DEHNR be joined as a party respondent, and that DEHNR be required to pay the settlement entered in Cates and Durham County's behalf.

The issues presented are (I) whether the Attorney General had an obligation to provide Cates a defense in the H&W litigation; (II) if so, whether the failure to provide a defense gives rise to any liability on the part of the Department of Justice; and (III) whether it was error to deny the petitioners' motion to join the DEHNR as a party respondent.

Because the issues raised in this appeal are alleged errors of law, our review of the agency decision is *de novo*. *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 354 (1990), *disc. rev. denied*, 328 N.C. 98, 402 S.E.2d 430 (1991).

I

The Attorney General makes three arguments in support of its contention that it had no obligation to provide a defense to Cates pursuant to section 143-300.8. This statute provides that:

Any local health department sanitarian enforcing rules of the Commission for Health Services under the supervision of the Department of Environment, Health, and Natural Resources pursuant to G.S. 130A-4(b) shall be defended by the Attorney General, subject to the provisions of G.S. 143-300.4, and shall be protected from liability in accordance with the provisions of this Article in any civil or criminal action or proceeding brought against the sanitarian in his official or individual capacity, or both, on account of an act done or omission made in the scope and course of enforcing the rules of the Commission for Health Services. The Department of Environment, Health and Natural

Resources shall pay any judgment against the sanitarian, or any settlement made on his behalf, subject to the provisions of G.S. 143-300.6.

N.C.G.S. § 143-300.8 (1993).

### Retroactive

[1]  The first argument is that because the statute did not become effective until 1987, it has no application to "act[s] done or omission[s] made" by Cates in 1986 and that to hold otherwise would be to apply the law retroactively. We disagree. A law is retroactively applied only when it operates "upon rights which have been acquired . . . prior to its passage." *Wood v. Stevens & Co.*, 297 N.C. 636, 646, 256 S.E.2d 692, 699 (1979). In this case, the affirmative obligation on the Attorney General to provide certain sanitarians a legal defense did not accrue or become fixed until the filing of the "civil or criminal action or proceeding brought against the sanitarian." N.C.G.S. § 143-300.8. Because the civil action against Cates was filed after the effective date of the statute, the rules against retroactive application are not violated and the statute applies.

### Enforcing Rules

[2]  The Attorney General next argues that the statute does not apply because Cates was not, at the time of the alleged negligent acts, "enforcing the rules of the Commission for Health Services." N.C.G.S. § 143-300.8. The rules of the Commission for Health Services (Commission) were promulgated pursuant to N.C. Gen. Stat. § 130A-335(e). These rules allow the local county health departments to issue permits "only after it has determined that the [sewage] system is designed and can be installed so as to meet the provisions" of the rules. 15A NCAC 18A .1937(b) (June 1995). The rules further provide that prior to issuance of the permit the local health department "shall investigate each proposed site" and evaluate the site in light of several listed factors. 15A NCAC 18A .1939(a) (June 1995). The rules make no provision for, nor do they prohibit, the use of preliminary soil evaluations.

The Attorney General argues that because the rules of the Commission do not provide for the use of preliminary soil evaluations, a local sanitarian is not "enforcing the rules of the Commission" when it conducts such an evaluation. We disagree. There is no dispute that the evaluation was conducted consistent with the criteria established by the Commission. Furthermore, there is no requirement in

the rules of the Commission that prohibit the procedure utilized by Durham County.

### Refuse to Defend

Accordingly, the Attorney General had a duty, "subject to the provisions of G.S. 143-300.4" to defend Cates in the H&W litigation. Section 143-300.4 does permit the Attorney General, in four different circumstances, to refuse to provide a defense. One circumstance, and the only one argued by the Attorney General, is that "[d]efense of the action or proceeding would not be in the best interests of the State." N.C.G.S. § 143-300.4(a)(4) (1993). The statute further provides that the determination of whether the providing of a defense would be in the best interest of the State "shall be made by the Attorney General." N.C.G.S. § 143-300.4(b) (1993). The Attorney General is thus given great discretion in this decision and can be reversed only upon a showing that the decision is arbitrary and capricious. N.C.G.S. § 150B-51(b)(6) (1991). If the discretion is exercised in good faith and in accordance with the law, it is not arbitrary and capricious. *Lewis v. N.C. Dept. of Human Resources*, 92 N.C. App. 737, 740, 375 S.E.2d 712, 714 (1989). In this case, the fact that the preliminary site evaluation was not required by the rules of the Commission (the reason given by the Attorney General to support its decision that providing a defense was not in the best interest of the State) is not, as we have determined in this opinion, a reason supported in the law. The Attorney General thus had an obligation to provide Cates a defense in the H&W litigation.

## II

[3] Because the Attorney General did not provide Cates a legal defense to the H&W litigation, which has now been settled, does the Department of Justice (Department), which the Attorney General heads, N.C.G.S. § 143A-49 (1994), have any liability? Cates argues that the Department should "reimburse [him], Durham County, and their insurers for legal fees" incurred in defending the H&W litigation. Although this argument represents sound logic, because the Department is a state agency and the statute does not specifically provide for damage awards against it, any claim for reimbursement is barred by the doctrine of sovereign immunity. *See Teer Co. v. Highway Comm'n*, 265 N.C. 1, 9, 143 S.E.2d 247, 253 (1965) (state agency immune from liability unless immunity waived). Therefore, this claim was properly dismissed.

CATES v. N.C. DEPT. OF JUSTICE

[121 N.C. App. 243 (1996)]

III

[4]  Cates finally contends that the trial court erred in failing to join DEHNR as a party respondent. We disagree. Any action, pursuant to N.C. Gen. Stat. § 143-300.8, to enforce DEHNR's obligation to pay a judgment or settlement is in the nature of a civil action, with original jurisdiction vested in the trial courts. Accordingly, the trial court properly refused to permit the assertion of this claim in an administrative appeal. In any event, even assuming that Cates' claim against DEHNR is within the scope of the Administrative Procedure Act, N.C. Gen. Stat. Chapter 150B, because this new claim was asserted four years after the original petition, the trial court did not abuse its discretion in denying the request to join DEHNR. *See* N.C.G.S. § 1A-1, Rule 21 (1990); W. Brian Howell, *Shuford North Carolina Civil Practice and Procedure* § 21-3 (4th ed. 1992) (order denying motion to add a party "is made in the court's discretion"). The only claim made by Cates in his petition for a contested case hearing was that the Attorney General should be "required to defend" him in the underlying action. There was no claim asserted against DEHNR until 7 March 1994, when Cates requested the trial court permit the joinder of DEHNR.

Because of our holding, it is unnecessary to address the question of whether the trial court erred in denying Durham County's motion to intervene. Otherwise, the Order of the trial court is

Affirmed.

Chief Judge ARNOLD concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I disagree with the majority's determination that nothing flows from the Attorney General's failure to fulfill its statutory duties under N.C. Gen. Stat. § 143-300.8 (1993).

Petitioner Phillip B. Cates, a registered sanitarian as defined by N.C. Gen. Stat. § 90A-50 (1992), was employed by the Environmental Health Division of the Durham County Health Department. He and Durham County appeal the trial court's order denying their Petition for Judicial Review, denying their Request for Declaratory Judgment, which included Durham County's Motion to Intervene and petitioner's

request to make the Department of Environment, Health and Natural Resources (DEHNR) an additional party, and holding that the question of state responsibility was moot. I would reverse and remand.

I.

The trial court erred by dismissing the Petition for Judicial Review, finding that the Attorney General did not have a duty to defend Mr. Cates in the H&W lawsuit under N.C.G.S. § 143-300.8, and finding the issue of state responsibility moot.

N.C.G.S. § 143-300.8 contains a very specific mandate—a sanitarian enforcing the rules of the Commission for Health Services shall be defended by the Attorney General in a lawsuit brought against the sanitarian for an act or omission made in the scope of enforcing such rules. Thus, if Mr. Cates enforced the rules of the Commission at the time he performed the preliminary soil evaluation, N.C.G.S. § 143-300.8 required the Attorney General to defend him subject to the provisions of N.C.G.S. § 143-300.4.

Affidavits in the record establish that in 1986, preliminary soil evaluations were done in Durham County as a part of the overall septic tank approval process required by the state. Durham County sanitarians and soil scientists followed the criteria set forth in 10 N.C.A.C. 10A .1934 (1990) the only procedure for conducting preliminary soil evaluations used by Durham County. In fact, the state mandated using these procedures for preliminary soil evaluations.

When Mr. Cates enforced the state's sewage regulations, he enforced the rules of the Commission. *See* 57 N.C. Atty. Gen. Rep. 2, 3 (1987); *see also* 49 N.C. Atty. Gen. Rep. 12, 14 (1979) (stating that the Department has authorized sanitarians employed by local health departments to enforce state health laws and rules and sanitarians act as authorized agents of the Department).

In short, N.C.G.S. § 143-300.8 required the Attorney General to defend Mr. Cates in this lawsuit because of a state interest. The trial court erred by dismissing the Petition for Judicial Review, upholding the Attorney General's refusal to defend Mr. Cates, and finding the question of state responsibility was moot.

II.

The trial court further erred by denying—A) Durham County's Motion to Intervene in the judicial review proceeding and, B)

Petitioners' request to make DEHNR a party to the declaratory judgment proceeding.

## A.

Durham County moved to intervene in this proceeding. N.C. Gen. Stat. § 150B-46 (1991) provides that during the judicial review process, "[a]ny person aggrieved may petition to become a party by filing a motion to intervene as provided in G.S. 1A, Rule 24." Rule 24 provides that anyone shall be permitted to intervene who claims an interest relating to the property or transaction which is the subject of the action and his absence may impair or impede his ability to protect that interest. N.C.R. Civ. P. 24(a)(2) (1990).

Durham County is an aggrieved party claiming an interest relating to the property or transaction which is the subject of the action. The County expended funds, including its own deductible, on its liability policy. Additionally, the County's absence may impair or impede its ability to protect its interest in obtaining contribution on the damages paid for this lawsuit. The trial court erred by failing to allow Durham County's motion to intervene.

## B.

Petitioners requested that DEHNR be made a party to the declaratory judgment proceeding. Petitioners notified DEHNR of its indemnification claim by service of process dated 17 October 1989.

The Attorney General's obligation to defend Mr. Cates arises from the connection between his service as a sanitarian and the language of N.C.G.S. § 143-300.8 which mandates that "[DEHNR] *shall* pay . . . any settlement made on his behalf, subject to the provisions of G.S. 143-300.6." (Emphasis supplied.) To conclude that DEHNR should not be made a party is to overlook the the fact that N.C.G.S. § 143-300.8 obligates DEHNR to pay the damages even if it is not a named party. Simply put, the Attorney General represents the interests of DEHNR in these actions.

Having previously determined that Mr. Cates' actions fell within the purview of N.C.G.S. § 143-300.8, I would reverse and remand to the trial court for entry of an order granting Mr. Cates' request that DEHNR be made a party to this action.

### III.

DEHNR should reimburse Durham County's insurer for—A) the attorney's fees incurred in defending the lawsuit; and B) the amount of the settlement.

### A.

By defending Mr. Cates, Durham County's insurer simply fulfilled its contractual obligation to defend under terms of the insurance policy. It is entitled to no reimbursement for performing a duty that it had contracted to do. Moreover, the Attorney General's duty to defend is now a moot issue since the litigation is now concluded.

### B.

However, the duty to pay damages resulting from Mr. Cates' acts of negligence is a present obligation on the part of both DEHNR and the insurer for Durham County. DEHNR is statutorily required to pay the damages under N.C.G.S. § 143-300.8, and the insurer is contractually required to pay the damages under the provisions of their policy for Durham County. Nonetheless, there can be only one recovery for the plaintiff in the original action (H&W); and, it stands to reason that this recovery should be paid jointly by Durham County through its insurance policy and DEHNR, subject to N.C.G.S. § 143-300.6.

On remand, the trial court would first determine whether the evidence sufficiently supports Durham County's determination that Mr. Cates was negligent; and if so, whether the settlement amount paid by the insurer was fair and reasonable. Upon satisfying these two determinations, the trial court would next apportion between DEHNR and Durham County the fair and reasonable contribution that each would make towards the settlement. Although I believe that Durham County is not entitled to a direct reimbursement of its attorney's fees, I would allow the trial court, in its discretion, to consider as a factor in the determination of the amount of contribution, that the State incurred no expense in defending the negligence action, and that Durham County incurred legal expense in bringing the action to a close.

In sum, I would reverse and remand this matter to the trial court for a determination of the amount of contribution that DEHNR must make towards the settlement subject to the limitations set forth in N.C.G.S. § 143-300.6.