PHILIP B. CATES AND DURHAM COUNTY, PETITIONERS v. NORTH CAROLINA DEPARTMENT OF JUSTICE, ATTORNEY GENERAL'S OFFICE, AND NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES, RESPONDENTS

No. 111PA96

(Filed 24 July 1997)

**Attorney General § 11 (NCI4th); Sanitation and Sanitary Districts § 5 (NCI4th)— local sanitarian—preliminary soil evaluation—alleged negligence—no duty by Attorney General to defend**

The Attorney General was not required by N.C.G.S. § 143-300.8 to defend a county health department sanitarian in a developer's action arising out of the sanitarian's alleged negligence in conducting a preliminary soil evaluation on a tract of

CATES v. N.C. DEPT. OF JUSTICE

[346 N.C. 781 (1997)]

land to determine its suitability for septic systems since the evaluation was not required or governed by the rules of the Commission for Health Services, and a local sanitarian who conducts a preliminary soil evaluation is providing a local service and is not enforcing the rules of the Commission.

**Am Jur 2d, Attorney General §§ 22-26; Waterworks and Water Companies § 31.**

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) and N.C. R. App. P. 21(a)(2) of a decision of the Court of Appeals, 121 N.C. App. 243, 465 S.E.2d 64 (1996), affirming an order by Hight, J., entered 29 September 1994 in Superior Court, Wake County. Heard in the Supreme Court 11 February 1997.

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Johnny M. Loper, for petitioner-appellants.*

*Michael F. Easley, Attorney General, by Mabel Y. Bullock, Special Deputy Attorney General, for respondent-appellees.*

PARKER, Justice.

The issue presented in this case is whether N.C.G.S. § 143-300.8 required the Attorney General to defend a local sanitarian in an action arising out of the sanitarian's alleged negligence in conducting a preliminary soil evaluation. For the reason stated herein, we conclude that the Attorney General was not required to defend petitioner Philip B. Cates. Accordingly, we modify and affirm the decision of the Court of Appeals.

Cates, a registered sanitarian, was employed by the Environmental Health Division of the Durham County Health Department. On 17, 18, and 21 July 1986, at the request of H&W Developers, Cates conducted a preliminary soil evaluation on a tract of land in Durham County. Cates determined that all but one of fifty proposed lots were suitable for on-site septic systems, and H&W Developers purchased the tract of land in reliance on Cates' evaluation. After several prospective lot purchasers contacted the Durham County Health Department to obtain improvements permits, the Health Department discovered that twenty of the forty-nine lots deemed suitable by Cates were not suitable for on-site septic systems. In July 1989 H&W Developers filed a civil action against Cates and Durham County alleging that Cates was negligent in conducting the preliminary soils analysis and in issuing the preliminary soils

analysis report. The negligence action against Cates and Durham County proceeded to trial in 1990. Cates was covered by an insurance policy providing one million dollars in professional liability coverage issued to Durham County, and pursuant to this policy Cates was represented by private counsel. After eleven days of trial, the action was settled for the sum of $495,000.

In the meantime, on 17 October 1989 Cates, through counsel, notified the Secretary of Human Resources that N.C.G.S. § 143-300.8 required the Attorney General to defend Cates and formally requested that the Attorney General defend Cates or authorize private counsel. By letter, dated 9 February 1990, Assistant Attorney General Gayl M. Manthei informed Cates' counsel that the action was "not one where representation by the Attorney General's Office is appropriate." Manthei explained that N.C.G.S. § 143-300.8 was enacted after Cates performed the preliminary soil evaluation and that a local health department sanitarian is not enforcing the rules of the Commission for Health Services ("Commission") when conducting such evaluations. In March 1990 Cates, through counsel, asked the Attorney General to conduct a review of Manthei's decision. Chief Deputy Attorney General Andrew A. Vanore, Jr. responded by letter on 10 April 1990 and informed counsel that the decision rendered by Manthei was correct for the reasons stated in Manthei's 9 February 1990 letter.

On 30 March 1990 Cates filed a petition for administrative review contesting the Attorney General's decision not to defend Cates. Both the Department of Justice ("DOJ") and Cates filed motions for summary judgment. On 30 August 1993 Administrative Law Judge Michael Rivers Morgan entered a recommended decision granting Cates' motion. Morgan recommended that the DOJ provide legal representation to Cates in the negligence action or reimburse Cates for any costs of legal representation incurred by Cates as a direct result of the Attorney General's decision to deny Cates' request for legal representation.

On 7 February 1994 the DOJ entered a final agency decision rejecting Morgan's recommended decision. In the decision Attorney General Michael F. Easley listed several reasons for declining to adopt the recommended decision. The reasons for rejecting the recommended decision included the following: (i) N.C.G.S. § 143-300.8 was not in effect at the time of the acts which prompted the legal action; (ii) preliminary site evaluations are local services which are not provided for by the rules of the Commission and are, therefore,

not within the scope of N.C.G.S. § 143-300.8; (iii) the underlying action was settled within the limits of Durham County's commercial liability policy, rendering Cates' petition for administrative review moot; and (iv) even if an administrative law judge has the power to order the Attorney General to pay damages, the State is protected from such orders by sovereign immunity.

On 7 March 1994 Cates and Durham County filed a petition for judicial review in the Superior Court, Wake County; and the cause was heard by Superior Court Judge Henry W. Hight, Jr. By order dated 29 September 1994, the court ruled *inter alia* that the question of State responsibility was moot and dismissed the petition for judicial review.

A divided panel of the Court of Appeals affirmed. *Cates v. N.C. Dep't of Justice*, 121 N.C. App. 243, 465 S.E.2d 64 (1996). The Court of Appeals determined that N.C.G.S. § 143-300.8 required the Attorney General to defend Cates. *Id.* at 248, 465 S.E.2d at 68. However, the Court of Appeals concluded that any claim by Cates and Durham County for reimbursement of legal fees incurred in defending the negligence action was barred by the doctrine of sovereign immunity. *Id.*

The dispositive issue is whether N.C.G.S. § 143-300.8 required the Attorney General to defend Cates in an action arising out of his alleged negligence in conducting a preliminary soil evaluation. N.C.G.S. § 143-300.8 provides, in pertinent part:

Any local health department sanitarian enforcing rules of the Commission for Health Services under the supervision of the Department of Environment, Health and Natural Resources pursuant to G.S. 130A-4(b) shall be defended by the Attorney General, subject to the provisions of G.S. 143-300.4, and shall be protected from liability in accordance with the provisions of this Article in any civil or criminal action or proceeding brought against the sanitarian in his official or individual capacity, or both, on account of an act done or omission made in the scope and course of enforcing the rules of the Commission for Health Services. The Department of Environment, Health, and Natural Resources shall pay any judgment against the sanitarian, or any settlement made on his behalf, subject to the provisions of G.S. 143-300.6.

N.C.G.S. § 143-300.8 (1996).

Pursuant to N.C.G.S. § 130-335(e), the Commission has promulgated rules governing the treatment and disposal of domestic type sewage from septic tank systems. *See* 15A NCAC 18A .1934 (June 1995) (rules .1901 to .1968 of subchapter 18A of title 15A of the North Carolina Administrative Code were transferred and recodified from rules .1901 to .1968 of subchapter 10A of title 10 of the North Carolina Administrative Code, effective 4 April 1990). At the time Cates conducted the soil evaluation, the rules required an improvements permit prior to construction or installation of a sewage treatment and disposal system. 10 NCAC 10A .1937(a) (1986). The rules stated that "[t]he local health department shall issue an Improvements Permit only after it has determined that the [sewage] system is designed and can be installed so as to meet the provisions of these Rules." 10 NCAC 10A .1937(b). The rules further provided that "[t]he local health department shall investigate each proposed site" and that "[s]ite evaluations shall be made in accordance with Rules .1940 through .1948 of this Section." 10 NCAC 10A .1939.

The Court of Appeals concluded that Cates was enforcing rules of the Commission because the preliminary soil evaluation was conducted consistent with the criteria established by the Commission and because the rules of the Commission did not prohibit the procedure used by Durham County. *Cates*, 121 N.C. App. at 247-48, 465 S.E.2d at 67. Petitioners argue that Cates was enforcing the Commission's rules because (i) Durham County does not have any rules requiring or governing preliminary soil evaluations and (ii) Cates followed the criteria set forth in the rules when he conducted the preliminary soil evaluation. Petitioners argue that the preliminary soil evaluation was conducted as part of the overall septic tank approval process required by the State. We disagree.

In its complaint against Cates and Durham County, H&W Developers alleged that Cates performed a preliminary soil evaluation on a fifty-six-acre tract of land. The complaint alleged, *inter alia*, that

5. Among the duties of the Durham County Health Department is the evaluation of improvement permit applications pursuant to Article 11 of G.S. Chapter 130A and rules promulgated thereunder by the State of North Carolina, Department of Human Resources, Division of Health Services, Environmental Health Section (10 N.C.A.C. 10A. 1900 *et seq.*).

6. In addition to the duties set forth in Paragraph 5, the Durham County Health Department offers a preliminary soils analysis service to prospective developers. The soils analysis provided through this service is intended to assist prospective developers in designing subdivision plans.

. . . .

8. The preliminary soils analysis referred to in Paragraph 6 is not a State or County regulatory requirement and is not a prerequisite to either City of Durham or Durham County subdivision approval.

. . . .

12. . . . Mr. McDowell contacted the Durham County Health Department on behalf of Plaintiff H&W to arrange for a preliminary soils analysis to determine suitability of the proposed lots for septic tank systems.

H&W Developers did not apply for an improvements permit prior to Cates conducting the preliminary soil evaluation. The document submitted by H&W Developers was on a form presumably supplied by the local health department. The portion of the form for an application for an Improvements Permit was not completed and, consequently, did not comply with the Commission Rules for an Improvements Permit application. The rules required that the application contain at a minimum the following information: "name of owner, mailing address, location of property, plat of property . . . , type of facility, estimated sewage flow based on number of bedrooms or number of persons served, type of water supply, and signature of owner or authorized agent." 10 NCAC 10A .1937(c).

The rules of the Commission do not require or make any provision for preliminary soil evaluations. The rules provide for the issuance or denial of an improvements permit but not for the assurance of future permitability. For this reason a local sanitarian who conducts a preliminary soil evaluation is providing a local service and is not enforcing the rules of the Commission. Even if the preliminary soil evaluation is conducted in accordance with the criteria set forth in rules .1940 through .1948 of subchapter 18A of title 15A (formerly subchapter 10A of title 10) of the North Carolina Administrative Code, the evaluation itself is not required or governed by the rules of the Commission. Even where, as in this case, the county has no rules requiring a preliminary soil evaluation and considers such an evalua-

tion to be part of the overall septic tank approval process, a county sanitarian conducting a preliminary soil evaluation is providing a local service.

While a preliminary soil evaluation or analysis is a valuable service to a potential purchaser of land in assessing the reasonableness of the purchase price and the future marketability of the parcel, a local health department sanitarian is not "enforcing rules of the Commission for Health Services" as required by N.C.G.S. § 143-300.8 when he conducts such an evaluation. The preliminary soil evaluation conducted by Cates was neither a prerequisite to obtaining an improvements permit nor otherwise required by the rules of the Commission. Accordingly, we conclude that N.C.G.S. § 143-300.8 did not require the Attorney General to defend Cates in the action arising out of his alleged negligence.

For the reason stated in this opinion, the decision of the Court of Appeals as modified herein is affirmed.

AFFIRMED.